# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**SHMEIKA CHEAIRS and
others similarly situated,**

    **Plaintiffs,**

**v.**                                               **No.: _____**

**CASH EXPRESS,**                   **FLSA COLLECTIVE ACTION**

    **Defendant.**                     **JURY DEMANDED**

## COMPLAINT

PLAINTIFF, Shmeika Cheairs, brings this action against the Defendant on behalf of herself and others similarly situated.

### I.  PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  The Court has personal jurisdiction over the Plaintiff, who is a resident of Bolivar, Tennessee and the Defendant, who does business in the State of Tennessee.

3. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Cash Express (hereinafter "Defendant").  During her employment with Defendant, Plaintiff was a covered employee under the FLSA.

5.      The Defendant is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6.      In addition to the named Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees.

## II.  INTRODUCTION

7.      Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who were denied overtime compensation as required by the FLSA. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III.  FACTUAL BASIS FOR SUIT

8.      Defendant employed Plaintiff until approximately June of 2010.

9.      During Plaintiff's employment, she performed work in excess of forty (40) hours per week on a regular and repeated basis.

10.     In addition to Plaintiff, other similarly situated hourly employees of Defendant performed work in excess of forty (40) hours on a regular and repeated basis.

11.     Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

12.     Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

13.     Plaintiff received a regular non-discretionary bonus from Defendant, which was a

significant portion of Plaintiff's wages.  Defendant, however, failed to include this bonus in Plaintiff's regular rate of pay before determining her overtime pay. As a result, Plaintiff was deprived of the appropriate amount of overtime pay.

14. Likewise, upon information and belief, other similarly situated employees regularly and repeatedly worked over 40 hours per week without proper overtime compensation.  These employees also received a regular non-discretionary bonus from Defendant, which was a significant portion of their wages.  Defendant, however, also failed to include this bonus in similarly situated employees' regular rates of pay before determining their overtime pay. As a result, Plaintiff was deprived of the appropriate amount of overtime pay.

15. Defendant's intentional failure to pay Plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

16. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint.  Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.  Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys'

3

fees, and costs under the FLSA.

## IV.  CAUSES OF ACTION

17. The forgoing facts are incorporated by reference as if fully stated herein.

18. Plaintiff, on behalf of herself and others similarly situated, bring the following cause of action against Defendant:  Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

19. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not paid overtime by the FLSA.

20. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

21. A declaratory judgment that Defendant's violations of the FLSA were willful.

22. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

23. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

24. An award to Plaintiff and others similarly situated who opt into this action of reasonable

attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

25. An award of such other and further legal and equitable relief as may be appropriate.

        Respectfully submitted,

        **GILBERT RUSSELL McWHERTER PLC**

        /s/ Michael L. Russell
        MICHAEL L. RUSSELL (20268)
        Gilbert Russell McWherter PLC
        1616 Westgate Circle, Suite 228
        Brentwood, Tennessee  37027
        Telephone:  615-467-6372
        mrussell@gilbertfirm.com

        /s/ Clinton H. Scott
        CLINTON H. SCOTT (23008)
        Gilbert Russell McWherter PLC
        101 North Highland
        Jackson, Tennessee 38301
        Telephone: 731-664-1340
        Facsimile: 731-664-1540
        cscott@gilbertfirm.com

        *ATTORNEYS FOR PLAINTIFF*